**THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

|  |  |  |
|---|---|---|
| TOM LAZAR, | ) | |
| | ) | No. 25 C 4904 |
| *Plaintiff,* | ) | |
| v. | ) | Chief Judge Virginia M. Kendall |
| | ) | |
| WHEELS, INC., | ) | |
| *Defendant.* | ) | |
| | ) | |
| | ) | |

## OPINION AND ORDER

Plaintiff Tom Lazar sued Wheels, Inc.[1] for breach of contract, fraudulent inducement to contract, and promissory estoppel. (Dkt. 1). Wheels answered (Dkt. 14) and, as months passed and discovery progressed, moved to compel. (Dkt. 24). Less than a week after this, Lazar's attorney withdrew from representation. (Dkt. 26). Lazar sought to retain new counsel, but, after several months, was unsuccessful. (Dkts. 34, 35). Lazar then failed to appear for a status hearing, and several weeks after that, filed a one sentence motion for voluntary dismissal without prejudice. (Dkt. 36). The Court heard oral argument over Lazar's motion, with Wheels noting that it has incurred appreciable fees defending against Lazar's lawsuit. (Dkt. 37). The Court grants Lazar's motion to dismiss without prejudice subject to the conditions ordered below.

## LEGAL STANDARD

"Rule 41(a)(2) permits the district court to condition a voluntary dismissal without prejudice on payment of attorneys' fees to the defendant." *Cauley v. Wilson*, 754 F.2d 769, 771 (7th Cir. 1985) (citing Fed. R. Civ. P. 41(a)(2)); *Wells Fargo Bank, N.A. v. Younan Props., Inc.*, 737 F.3d 465, 468 (7th Cir. 2013). "The purpose of awarding attorneys' fees on a voluntary dismissal without prejudice is to compensate the defendant for the unnecessary expense that the litigation has caused." *Id.* at 772; *Wells Fargo*, 737 F.3d at 468. "Fees are not awarded when a plaintiff obtains a dismissal *with prejudice* because the defendant cannot be made to defend again." *Id.* (quotes omitted). "In the case of a dismissal *without prejudice*, however, the defendant may have to defend again at a later time and incur duplicative legal expenses." *Id.*; *Wells Fargo*, 737 F.3d at 468. "Thus the fee award should reimburse the defendant for expenses incurred in preparing work product that will not be useful in subsequent litigation of the same claim." *Id.*; *Wells Fargo*, 737 F.3d at 468.

"The dismissal of a plaintiff's complaint without prejudice under Rule 41(a)(2) is within the sound discretion of the district court[.]" *Kovalic v. DEC Int'l, Inc.*, 855 F.2d 471, 473 (7th Cir.

---

[1] Defendant states that its proper name is Wheels, LLC. (Dkt. 29 at 1).

1

1988); *Nwatulegwu v. Boehringer Ingelheim Pharms., Inc.*, 668 F. App'x 173, 175 (7th Cir. 2016). "The district court abuses its discretion only when it can be established that the defendant will suffer plain legal prejudice as the result of the district court's dismissal of the plaintiff's action." *Id.* (cleaned up); *Simons v. Fox*, 725 F. App'x 402, 406 (7th Cir. 2018).

## **ANALYSIS**

Factors the Court may consider in justifying denial are (1) Defendant's "effort and expense [in] preparation for trial," (2) Plaintiff's "excessive delay and lack of diligence . . . in prosecuting the action," (3) Plaintiff's "insufficient explanation for the need to take a dismissal," and (4) whether Defendant filed "a motion for summary judgment[.]" *Pace v. S. Exp. Co.*, 409 F.2d 331, 334 (7th Cir. 1969); *Kunz v. DeFelice*, 538 F.3d 667, 678 (7th Cir. 2008). "The enumeration of the factors to be considered in *Pace* is not equivalent to a mandate that each and every factor be resolved in favor of the moving party before dismissal is appropriate. It is rather simply a guide for the trial judge, in whom the discretion ultimately rests." *Kovalic*, 855 F.2d at 474 (cleaned up).

Wheels has incurred material expense and expended considerable effort in defending against Lazar's complaint. Lazar's three-count-complaint is reasonably lengthy, detailed, and involves allegations of fraud, which require additional attention. (*See* Dkt. 1). After Wheels' answered Lazar's complaint (Dkt. 14), the parties engaged in written discovery. But Lazar was uncooperative and his productions were wanting; because of this, Wheels was forced to draft a sizeable, researched motion to compel with 11 exhibits on at least eight discrete discovery issues. (Dkt. 24). By all accounts, Wheels sufficiently sought to engage with Lazar and his attorneys to avoid costly motion practice, but this was to no avail. (*See id.*). During oral argument, one attorney for Lazar indicated that he has billed approximately $30,000 on the matter. (Dkt. 37). The Court notes that Wheels has three attorneys of record (and potentially more have worked on this matter that have not appeared). (*See* Docket). Overall, these factors significantly favor Wheels. *See Pace*, 409 F.2d at 334; *Kunz*, 538 F.3d at 678; *Kovalic*, 855 F.2d at 474.

Turning to Lazar's delay, diligence, and justification for dismissal, Lazar does not fare well. Lazar sought dismissal 350 days after filing his complaint. (*Compare* Dkt. 36 *with* Dkt. 1). Lazar's motion is perfunctory. (Dkt. 36). He fails to support it. (*Id.*) Examining Wheels' exhibits to its motion to compel shows that Lazar was not diligent during discovery: his productions were deficient, illegible, and incomplete. (*See* Dkt. 24). He was not sufficiently responsive or prompt—especially once his attorneys started to withdraw from representation. (*Id.*); (*see also* Dkt. 29 ¶¶ 6-11).[2] This delayed core aspects of the case, such as Lazar's deposition, by months. (Dkt. 29 ¶¶ 6-11). Moreover, Lazar failed to secure new counsel, appear for the April 1, 2026, status hearing, or otherwise prosecute his action after his attorneys withdrew. (*See* Dkts. 29, 34-36). During oral argument, Lazar did not explain why he was seeking to dismiss his case; he instead noted that he is not an attorney and desired dismissal without prejudice. (Dkt. 37). None of these factors favor Lazar. *See Pace*, 409 F.2d at 334; *Kunz*, 538 F.3d at 678; *Kovalic*, 855 F.2d at 474.

The only neutral factor is that the parties have not filed motions for summary judgment—but the case has been stalled for about the last five months due to Lazar's failure to prosecute.

---

[2] Lazar's attorneys withdrew because Lazar failed to pay for their services. (*See* Dkt. 26 at 3).

2

The Court recognizes that Lazar has been proceeding pro se over the last few months. (*See* Dkt. 30). The Court further notes that Lazar's complaint is not facially frivolous—he may have a viable claim if he were to keep counsel retained.[3] The Court is therefore granting Lazar's motion to voluntarily dismiss his complaint without prejudice subject to Lazar paying the fees Wheels incurred defending this lawsuit.

Wheels will suffer significant prejudice if the Court grants Lazar's motion without requiring Lazar to pay Wheels' fees. Indeed, Lazar sued Wheels and sought written discovery from it, forcing Wheels to undergo the expensive and time-consuming process of searching for and producing documents. At the same time, Lazar was not diligent in his own discovery obligations. This forced Wheels to draft a lengthy motion to compel, after repeated follow-ups, conferral requests, and deficiency communications. All this and more just for Lazar to summarily seek to end the lawsuit without explanation. Without an order requiring Lazar to pay Wheels' fees, Wheels' will have wasted significant time and resources defending a lawsuit, only for Lazar to potentially be able refile at a later date, in a different Court, leaving Wheels' work product here wasted. "The purpose of awarding attorneys' fees on a voluntary dismissal without prejudice is to compensate the defendant for the unnecessary expense that the litigation has caused." *Cauley*, 754 F.2d at 772. Under Rule 41(a)(2), the Court may condition dismissal on Lazar "fulfilling whatever terms and conditions the district court, in its discretion, deems necessary to offset the possible prejudice [Wheels] may otherwise suffer from [Lazar] dismissing his complaint without prejudice." *Marlow v. Winston & Strawn*, 19 F.3d 300, 303 (7th Cir. 1994). This is typically an order to "pay the defendant the expenses he has incurred in defending the suit, which usually includes reasonable attorneys' fees." *Id.* This is "the quid for the quo of allowing [Lazar] to dismiss his suit without being prevented by the doctrine of res judicata from bringing the same suit again." *Id.* (quotes omitted).

As Lazar is proceeding pro se, he may not know that his motion may subject him to a five-figure bill (or worse). The Court therefore grants Lazar leave to withdraw his motion solely for the purpose to refile it with prejudice. Should Lazar proceed with this route, the Court will not order Lazar to pay Wheels' fees. *See Cauley*, 754 F.2d at 772 ("Fees are not awarded when a plaintiff obtains a dismissal with prejudice because the defendant cannot be made to defend again.") (quotes omitted).

## **<u>CONCLUSION</u>**

Subject to the following conditions, the Court grants Lazar's motion to voluntarily dismiss the lawsuit without prejudice. Wheels is ordered to provide the Court a full and detailed accounting of all fees it incurred defending against Lazar's lawsuit two weeks from the date of this Order. Lazar is ordered to pay the amount of Wheels' fees that the Court sets once the Court receives Wheels' accounting of fees. However, as Lazar is pro se, the Court is granting Lazar leave to withdraw his motion so that he can refile it with prejudice two weeks from the date of this Order. If Lazar chooses to refile and seek voluntarily dismissal with prejudice, the Court will not order Lazar to pay Wheels' fees.

---

[3] The Court is not construing nor ruling on the validity of any of Lazar's claims. The Court's review is strictly limited to Rule 41(a)(1) and the *Pace* factors. *See Pacer*, 409 F.2d at 334.

_____
Virginia M. Kendall
United States District Judge

Date: May 1, 2026

4